IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05027-PAB

GERBER AROLDO ZEPEDA MARROQUIN,

Petitioner,

v.

JUAN BALTAZAR,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Gerber Aroldo Zepeda Marroquin's pro se[1] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondent filed a response. Docket No. 6.

## I. BACKGROUND[2]

Petitioner is a native and citizen of Guatemala who arrived in the United States on or about February 4, 2014. Docket No. 1 at 8, 39. He was released after being detained by immigration officials.[3] *Id.* at 10. Petitioner has pursued immigration relief through the United States Citizenship and Immigration Services. *Id.*

---

[1] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[2] Respondent indicates that he is "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 6 at 1. Accordingly, the Court draws all facts from Mr. Zepeda Marroquin's petition.
[3] Petitioner's petition references a warrant associated with his 2014 entry. *See* Docket No. 1 at 8, 10; *see also id.* at 41 (FBI Identity History Summary listing issuance of

On September 16, 2026, petitioner was detained by Immigration and Customs Enforcement ("ICE") officers. *Id.* The ICE agents did not provide petitioner with a warrant or other notice documents at petitioner's arrest, and ICE officials have not explained the reason or authority for his detention since. *Id.* Petitioner has not received an individualized bond hearing before an immigration judge. *Id.* at 5, 8.

On October 7, 2026, petitioner filed a habeas petition. Docket No. 1. Petitioner asserts one claim challenging his detention, which he titles: "Unlawful continued immigration detention; immediate release requested." *Id.* at 2. For relief, he seeks immediate release or, in the alternative, an immediate, constitutionally adequate custody/bond hearing. *Id.* at 4.

On October 21, 2026, respondent filed a response. Docket No. 6. Respondent states that "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, <u>release</u> Petitioner from detention." *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Because ICE detained petitioner within the borders of the United States and because petitioner is not subject to a final order of removal, petitioner's detention is governed by 8 U.S.C. § 1226. *See Santillan Quiroz*, 180 F.4th at 1237; *see also* 8 U.S.C. § 1231. Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney*

---

"WARRANT OF ARREST/NOTICE TO APPEAR" on petitioner's date of entry). Given that petitioner was released from custody into the United States, *see, e.g.*, *id.* at 14 (petitioner describing meeting his wife while attending a U.S. high school in 2017), and that respondent has not provided additional information regarding that warrant, *see* Docket No. 6, the Court does not consider the supposed warrant as bearing on his current detention.

*General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Petitioner states that he was not provided a warrant at his arrest, and respondent does not state otherwise. *See* Docket No. 1 at 10; Docket No. 6.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to 8 U.S.C. § 1357(a)(2), immigration officials have authority without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). Still, "[c]ourts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondent has not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 6. Accordingly, the Court finds that respondent lacked statutory authority to arrest petitioner, and that petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondent lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that petitioner's warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest" (alteration, internal quotation marks, and citation omitted)).

Where the government failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found that the appropriate remedy is to order the noncitizen's release. *See, e.g., Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's release based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant*, 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is

unlawful and release is the only permissible remedy." *Morelos Valdovinos*, 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Gerber Aroldo Zepeda Marroquin's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 29, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge