IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-05027-PAB

GERBER AROLDO ZEPEDA MARROQUIN,

Petitioner,

v.

JUAN BALTAZAR,

Respondent.

---

**MINUTE ORDER**

---

**Entered by Judge Philip A. Brimmer**

This matter is before the Court on petitioner's Emergency Motion to Enforce October 29, 2026 Order, Require an Immediate Custody Explanation, and Secure Effective Release [Docket No. 12]. On October 7, 2026, petitioner filed a habeas petition seeking release from immigration detention. Docket No. 1. Respondent's response, filed October 21, 2026, indicated that he was "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognize[d] that the Court may then decide to grant the Petition and award appropriate relief." Docket No. 6 at 1. The Court granted the petition on October 29, 2026, and ordered respondent to "release petitioner from custody within 48 hours of the issuance of th[e] order." Docket No. 7 at 5.

On November 2, 2026, respondent filed a status report representing that petitioner had been released from immigration custody on November 1, 2026. Docket No. 8 at 2. On November 3, 2026, respondent filed a supplemental status report correcting that representation and stating that, "on November 1, 2026, Petitioner exited the detention facility, was immediately redetained by ICE, and remains in detention." Docket No. 10 at 1. Respondent also represented that he "will not be submitting a brief that argues that the current detention is lawful." *Id.* On November 4, 2026, petitioner filed the motion to enforce, indicating that, "[b]efore crossing the exit door, . . . ICE officers detained him again in an area within the facility controlled by ICE and GEO personnel." Docket No. 12 at 1. On November 5, 2026, respondent filed a second supplemental status report informing the Court that petitioner had been released from custody. Docket No. 11 at 1.

Given that petitioner has been released from custody, his motion to enforce is now moot. Still, the Court finds it necessary to impose additional conditions to ensure that its orders are complied with. *See* 28 U.S.C. § 2243 (directing courts to "dispose of [habeas] matter[s] as law and justice require").

Therefore, it is

**ORDERED** that petitioner's Emergency Motion to Enforce October 29, 2026 Order, Require an Immediate Custody Explanation, and Secure Effective Release [Docket No. 12] is **DENIED as moot**. It is further

**ORDERED** that respondent may not re-detain petitioner without advance notice to this Court. Such advance notice shall state the statute or regulation providing authority for respondent's detention of petitioner and represent that any procedures required by such statute or regulation to detain petitioner have been complied with prior to detention.

DATED November 6, 2026.